IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SABRINA HILL,

Plaintiff,

CIVIL ACTION NO. :

WAL -MART ASSOCIATES, INC.

Defendant.

JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW Plaintiff, Sabrina Hill, ("Plaintiff"), by and through counsel, signed below and files this Complaint, against her former employer Wal-Mart Associates, Inc. (Defendant"), by instruction of this Court, on its ORDER dated January 29, 2024, in which the statute of limitations was tolled, alleging as follows:

## NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. § 201 *et seq.,* in which Plaintiff seeks compensatory, liquidated damages and attorney's fees, against Defendant for its

failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendant. Additionally, this Complaint states an action under the Family and Medical Leave Act ("FMLA") interference and retaliation to vindicate Plaintiff's rights and to make her whole. Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated damages, and attorney's fees and costs of litigation.

2.

Plaintiff worked for Defendant in a "manager" position, during the relevant time period ("relevant period" or "relevant time period" is defined as the period on or about September of 2020 to August 26, 2022) but because she was misclassified as exempt, she was denied her clearly established rights under applicable federal statutes.

3.

Defendant paid no overtime premium wages whatsoever to Plaintiff despite Plaintiff working a significant amount of hours over 40 hours during many workweeks.

4.

As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiff as required by the FLSA.

5.

Plaintiff brings her action in FMLA because despite her good performance and having worked a large amount of overtime hours without compensation, Defendant terminated Plaintiff's employment because she was attempting to heal from the anxiety brought on by the excessive hours worked and was exercising her rights under the FMLA by taking leave.

## JURISDICTION. VENUE AND PARTIES

6.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 20 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

7.

Plaintiff resides in Coweta County, Georgia, a United States citizen and she submits herself to the jurisdiction of this Court.

8.

Plaintiff brings this complaint within two years of her termination.

9.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

10.

Plaintiff was an "employee" within the meaning of § 201, *et seq.*

11.

The unlawful employment practices were committed within the state of Georgia. Defendant maintains its registered agent in Forsyth County, Georgia which is located in this district and division. Therefore, venue is proper in this district and division pursuant to 28 U.S.C. § §1391(b) & (d).

12.

Sabrina Hill, the Plaintiff in this action, is an ex-employee of Defendant. She was employed with Defendant for more than 12 months and worked more than 1250 hours in the preceding 12 months preceding her serious health condition.

13.

Plaintiff worked for Defendant for approximately 7 years. The last two years, she worked as a Quality Assurance Manager. She was hired on or about

December 26, 2015 and terminated by receiving a separation notice through the mail on or about August 26, 2022.  September 2020 through August 26, 2022 is the Relevant Time Period ("Relevant time period" or "relevant period") for this action. Her rate of pay was $33.65/hour plus bonuses and benefits.

14.

The title assigned Plaintiff by Defendant was Quality Assurance Manager during the relevant period for this action.

15.

Plaintiff worked in excess of 40 hours most workweeks but was not paid overtime pay. Some examples of this are below.

16.

As an example, Plaintiff worked 66 hours without overtime compensation during the work week of January 25, 2021 to January 29, 2021, and February 21, 2022 to February 25, 2022, Plaintiff worked 60 hours in a single workweek, without receiving overtime compensation.

17.

As a result of Defendant's intentional misclassification, Plaintiff was never paid overtime premiums and because Defendant misclassified Plaintiff knowingly and intentionally, as discussed below during the relevant period of this action.

18.

Plaintiff is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

19.

Defendant is a foreign, for-profit corporation who is registered with the Georgia Secretary of State to do business in the state of Georgia, operating in many counties of Georgia and in all of Georgia's Federal Districts and Divisions.

20.

Defendant is an "employer" within the meaning of FMLA, 29 U.S. C. § 2601 *et seq.*

21.

Defendant had more than 50 employees within a 75-mile radius of the location at which Plaintiff was employed in each of 20 or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq.*

22.

Defendant has been served with the summons and complaint to its registered agent on record with the Secretary of State. The Corporation Company, 106 Colony

Park Drive, Suite 800-B, Cumming, Georgia 30040-2794. Therefore, this Court has personal jurisdiction over Defendant.

23.

Defendant has substantial ties to the state of Georgia and the Northern District of Georgia given that it operates a business located in Georgia and maintains and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

24.

Defendant was and is, at all times relevant to this action, an "employer" within the meaning of the FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

25.

At all relevant times, Defendant has been and remains an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) in that it acted ". . .directly or indirectly in the interest of an employer in relation to an employee... " towards the above Plaintiff.

26.

As an employer who engages in commerce, Defendant is subject to the requirements of the FLSA, 29 § U.S.C. 201 *et seq*.

27.

At all relevant times, Defendant has owned and operated retail stores and distribution centers in multiple states, including Georgia and in multiple counties located in Georgia, with two or more employees handling, selling or otherwise working on goods and material that have been moved in or "produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

During the relevant time period, the annual gross revenues of Defendant exceeded $500,000.00 per annum.

29.

Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203.

30.

Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. §
203 (r)(l), because it performed related activities through common control for a
common purpose.

31.

At relevant times, the enterprise engaged in commerce within the meaning of
29 U.S.C. §§ 206(a) and 207.

32.

At all times material herein, Plaintiff has been entitled to the rights, protection
and benefits provided under § 201, *et seq*.

33.

As a longtime national (and international) employer, Defendant was at all
relevant times aware of the existence and requirements to pay employees agreed
upon wages and to pay the employees who work longer than forty (40) hours in a
single workweek, one and one halftimes the employee's regular rate of pay for all
hours worked within the workweek in excess of forty (40) hours.

34.

All actions by Defendant were willful and not the result of mistake or inadvertence. Because Plaintiff used an electronic device to enter the building at the beginning of each of her shifts, Defendant should be aware of the days in which Plaintiff came into work and cameras in use at the facility show the length of her shifts.

35.

Defendant knew or should have known that the FLSA applied to the operation of business at all relevant times. Defendant knew of or should have been aware of previous litigation relating to wage and hour violations where the misclassification of its "managers" on the level of Plaintiff, under the FLSA was challenged and because Defendant has employed thousands of employees for many years.

36.

Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiffs and withhold overtime wages to Plaintiff in an effort to enhance Defendant's profits.

37.

Defendant knew that managers such as Plaintiff were employees that should be paid under the law and had simply chosen not to pay Plaintiff in accordance with the law.

FACTS

38.

Plaintiff is a former, employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1) as she was hired on or about December 26, 2015 and was terminated via a separation notice that arrived through the mail on or about August 26, 2022 while out o FMLA leave.

39.

During her tenure with Defendant, Plaintiff worked a significant amount of hours in excess of forty (40) in many work weeks and Defendant failed to pay Plaintiff premium overtime pay. Specific examples of this are given within this Complaint.

40.

Plaintiff did work in excess of forty (40) hours in a single workweek on many occasions. Plaintiff was considered an essential worker during Covid and

was required to pick up extra time to cover for the needs of Defendant. As an example of this, during the work week of November 21, 2021 to November 27, 2021, Plaintiff worked 66 hours for which Plaintiff was not paid overtime wages. And during the week of August 15, 2021 to August 18, 2021, Plaintiff worked 53 hours in a single workweek for which Plaintiff was not paid overtime wages.

41.

Throughout her tenure, as an employee with Defendant, Plaintiff held the title of "manager" the primary duties of which did not fall under any exemption of the FLSA, as discussed below.

42.

Plaintiff's performance was good and she received a promotion and bonuses during her tenure.

43.

After working excessive overtime hours consistently for Defendant, Plaintiff developed anxiety and was advised by her doctor to use FMLA leave in order to recover.

44.

Plaintiff applied for and was granted FMLA leave. Her leave began on June 2, 2022 and although it was approved to last until December 31, 2022, the leave

was ended by Defendant when Defendant terminated Plaintiff on or about August 26, 2022 via a separation notice arriving to Plaintiff by mail.

45.

Plaintiff was never told that she suffered from performance issues or that her job was in any way in jeopardy.

46.

Plaintiff was terminated, out of the blue, on or about August 26, 2022 via a separation notice that arrived in the mail.

47.

The effects of Defendant's sudden termination of Plaintiff's employment was interference with Plaintiff's right to federally protected right to leave under the FMLA.

48.

Defendant also terminated Plaintiff in retaliation for exercising her right to take federally protected leave under the FMLA.

49.

Defendant utilizes a centralized structure of management and employees, including managers, work within the prescribed structure.

50.

Because of Defendant's centralized structure of management, throughout her employment with Defendant, Plaintiff never directed the work of any of Defendant's full-time employees.

51.

Because of Defendant's centralized structure of management, Plaintiff never possessed the authority to hire and fire any of Defendant's other employees.

52.

Because of Defendant's centralized structure of management, Plaintiff never exercised discretion or independent judgment with respect to matters of significance to Defendant.

53.

Plaintiff did not meet the definition of learned professional. She did not perform computer work and she did not perform outside sales for Defendant as defined by FLSA.

54.

Plaintiff did often perform manual tasks including cleaning , lifting heavy damaged and recalled products as well as other manual tasks required to get the job done.

55.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by FLSA, 20 U.S.C. § 201, *et seq*. but she was not compensated for the overtime hours that she worked.

56.

According to information and belief, Defendant paid Plaintiff by direct deposit.

57.

While employed, Plaintiff's work schedule and duties were controlled by Defendant.

58.

Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for the hours worked in excess of forty (40) in any workweek. Even though Plaintiff frequently worked over time hours during multiple weeks.

59.

Defendant's unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate FLSA.

60.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages.

61.

Defendant's willful violation of the FLSA shows reckless disregard for Plaintiff's right to receive appropriate overtime compensation for her work with Defendant.

62.

Defendant owes Plaintiff pay for work performed but not compensated in an amount to be determined at trial, plus liquidated damages in an equal amount, pursuant to 29 U.S.C. §216(b).

63.

Pursuant to Section § 216(b) of FLSA, Defendant owes Plaintiff for costs and reasonable attorney's fees.

## COUNT I

## **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**

64.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of this Complaint as if set forth fully in this count.

65.

Upon hire, Plaintiff and Defendant arrived at a rate of pay and intervals upon which payment was to be made by Defendant to Plaintiff.

66.

Plaintiff was an employee covered by the provisions prescribed by the FLSA but Defendant intentionally misclassified Plaintiff as exempt from the provisions set out by the FLSA.

67.

Pursuant to 29 U.S.C. § 213, Defendant was not exempted from paying any of Plaintiff's overtime wages which were due because Plaintiff was not legitimately classified as exempt.

68.

Defendant was at all relevant times, subject to the provisions of the FLSA and required, in accordance with FLSA, to pay one and one half times Plaintiff's regular rate of pay for hours worked that were over forty (40) hours in each workweek.

69.

Defendant intentionally failed to pay Plaintiff one and one half times her regular rate of pay for each hour worked over forty (40) hours in a workweek.

70.

Given that Defendant has been in business for many years, employing thousands of employees nationally, Defendant's conduct and practices, as described above were willful, intentional, unreasonable, arbitrary, and in bad faith.

71.

During each week that Plaintiff worked more than forty (40) hours per workweek, she is owed the overtime premium that she has never been paid.

72.

Defendant's unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

73.

As a result of Defendant's unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages, incurred damages, and significant financial loss.

74.

Defendant's willful violation of the FLSA shows reckless disregard of the rights of Plaintiff to receive appropriate overtime compensation for her work with Defendant.

75.

By reason of its unlawful acts alleged herein, Defendant owes and is liable to Plaintiff pay for monetary damages in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. § 216(b).

76.

Pursuant to Section 216(b) of the FLSA, Defendant owes Plaintiff for costs and reasonable attorney's fees as provided by the FLSA for all violations which occurred at least three (3) years preceding the filing of Plaintiff's initial complaint.

77.

Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## COUNT II

### Interference with FMLA Leave

78.

Plaintiff incorporates by reference the following paragraphs of the

Complaint 1,5,7,8,9,11,12,14,19,20,21,22,23,43,44,45,47,47,48.

79.

Plaintiff is an eligible employee with a serious health condition as that term is

defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. §

2611 (11).

80.

By terminating Plaintiff, Defendant prevented Plaintiff from exercising her

rights afforded her under the FMLA.

81.

Defendant's actions in interfering with Plaintiff's federal right to FMLA

leave were committed with reckless disregard for her right to take up to 12 work

weeks of leave to care for her serious health condition and in violation of the

FMLA, 29 U.S.C. §2615 (a)(1).

82.

The effect of Defendant's actions has been to deprive Plaintiff of a job. As well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, solely because of her right to leave under the FMLA.

83.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. 2617(a)(1)(A) and (B)—including, but not limited to back pay, front pay or reinstatement, attorney's fees and costs of litigation.

84.

Plaintiff is also entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III

## Retaliation in Violation of the FMLA

85.

Plaintiff incorporates by reference the following preceding paragraphs of the Complaint 1,5,7,8,9,11,12,14,19,20,21,22,23,43,44,45,47,47,48, and 79-84.

86.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11).

87.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

88.

Defendant's actions in retaliating against Plaintiff for exercising her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment on account of her exercise of her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(2).

89.

The effect of Defendant's actions has been to reprive Plaintiff of a job as well as icome in theh form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her, solely because of her exercise of her rights under the FMLA.

90.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B)—including, but not limited to back pay, front pay or reinstatement, attorney's fees and costs of litigation.

91.

Plaintiff is also entitled to liquidated damages for Defendant's willful violation of her rights under FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that Defendant be summoned to appear and answer herein, for orders as follows:

a.    Take jurisdiction of this matter;

b.    Grant trial by jury as to all matters properly triable to a jury;

c.    Issue an Order holding Defendant to be an "employer" as that term is defined by the FLSA;

d.    Issue judgment declaring that Plaintiff is an employee covered by the FLSA, and that Defendant has failed to comply with its obligations under the FLSA;

e.  Issue an Order finding that Defendant's acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the Fair Labor Standards Act of 1938, as amended;

f.  Award judgment in favor of Plaintiff, against Defendant for unpaid overtime compensation together with liquidated damages in a equal amount;

g.  Award Plaintiff prejudgment interest from Defendant on all amounts owed to the extent that liquidated damages are not awarded;

h.  Award nominal damages if found to be appropriate;

i.  Judgment in favor of Plaintiff and against Defendant on all counts of this Complaint;

j.  Order Defendant to make Plaintiff whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits or other compensation denied or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in the amount proven at trial;

k.  Order that Plaintiff be reinstated or, in the alternative, be awarded front pay;

l.  Award to Plaintiff liquidated damages for Defendant's willful violations of the FMLA;

m.    Judgment in favor of Plaintiff, against Defendant for reasonable attorney's fees;

n.    Judgment in favor of Plaintiff against Defendant for all taxable and nontaxable costs;

o.    Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims, for Plaintiff in which a jury is available; and

p.  Award such other, further and different relief as this Court deems appropriate and proper including reinstatement for Plaintiff and against

Defendant.Respectfully submitted, this 5th day of March 2024.

s/Beverly    A.    Lucas
Beverly A. Lucas
Georgia Bar No.: 427692
LUCAS & LEON, LLC
Post    Office    Box    752
Clarkesville, Georgia 30523
beverly@lucasandleon.com
706-754-2001 (O)
706-754-8085 (F)
Attorney for Plaintiff

IN UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

SABRINA HILL,

Plaintiff,

CIVIL ACTION NO.:

WAL -MART ASSOCIATES, INC.
,
Defendant.

JURY TRIAL DEMANDED

## CERTIFICATION OF FONT COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1D AND SERVICE

In accordance with Local Rule 7. ID, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

I further certify that I electronically filed the foregoing PLAINTIFF' S COMPLAINT with the Clerk of Court using the CM/ECF system which will automatically send email or other notification of such filing to the following attorney of record:

Sarah M. Phaff and Alyssa Peters

This 5th day of March 2024.

/s/ Beverly A. Lucas

Beverly A. Lucas
Georgia Bar No. 427692

LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523 706-754-2001 (0) 706-754-8085 (F)
beverly@lucasandleon.com